UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                       No.  16-CR-826-LTS

CARLOS OSORIO-PEREZ,

        Defendant.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

        The Court has received Defendant Carlos Osorio-Perez's renewed motion for a reduction in sentence pursuant to 18 U.S.C. section 3582(c)(1)(A).  (Docket entry no. 573 ("Motion").)  On June 29, 2020, the Court denied Mr. Osorio-Perez's initial motion for compassionate release because he had not demonstrated that his proffered extraordinary and compelling circumstances—principally, his health conditions (asthma, high blood pressure, sleep apnea, and obesity), and the resulting greater risk of severe illness posed to him by the COVID-19 pandemic—warranted a reduction in his sentence, or that he was "not a danger to the safety of any other person or the community."  (Docket entry no. 492 (the "June 29 Mem. Ord.") at 4 (citing U.S.S.G. § 1B1.13).)

        Mr. Osorio-Perez, who is now scheduled for release from his Bureau of Prisons ("BOP") facility to home confinement on or about September 20, 2021, and from BOP custody altogether on April 30, 2022[1], renews his motion for immediate release to supervised release.  Mr. Osorio-Perez proffers that his experience of contracting and suffering severe and lingering consequences from COVID-19 in December 2020, his risk of COVID-19 reinfection, his

---

[1]    See BOP, <u>Find an inmate</u>, https://www.bop.gov/mobile/find_inmate/index.jsp (last visited August 6, 2021).

completion of the substantial majority of his custodial term, and his "significant strides toward rehabilitation while incarcerated" amount to extraordinary and compelling reasons warranting a reduction in his sentence. (Motion at 1-2.) On July 27, 2021, the Government filed its opposition to Mr. Osorio-Perez's motion. (Docket entry no. 575 ("Opp.").) On August 4, 2021, Mr. Osorio-Perez filed a reply. (Docket entry no. 578 ("Reply").)

The Court has considered carefully all of the parties' submissions and arguments and, for the following reasons, grants Mr. Osorio-Perez's motion for compassionate release.

## Discussion

Mr. Osorio-Perez seeks an order directing his compassionate release under 18 U.S.C. section 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 117-30).[2] The Court therefore considers "the factors set forth in section 3553(a) to the extent that they are applicable," and then considers, in light of those factors, whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant a reduction in the defendant's sentence. The Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release" in determining

---

[2] The Government does not dispute that Mr. Osorio-Perez has satisfied section 3582(c)(1)(A)'s exhaustion requirement.

whether those reasons warrant a sentence reduction.  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).[3]  "The defendant has the burden to show he is entitled to a sentence reduction" under section 3582(c)(1)(A).  United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

The Court's consideration of the section 3553(a) factors[4] at the time of Mr. Osorio-Perez's sentencing hearing, on May 31, 2018, is reflected in the transcript of that hearing. (Docket entry no. 185 ("Sentc. Tr.").)  As to the nature and circumstances of the offense, the Court noted that Mr. Osorio-Perez distributed "very significant quantities" of heroin over a period of nearly two years, and possessed a firearm for a period of a few months, in connection with a drug trafficking organization in Yonkers.  However, principally in light of Mr. Osorio-Perez's "years of positive input into his family and community, the circumstances under which he returned to criminal activity, his family ties and support, his sincere remorse and the positive

---

[3]   In Brooker, the Second Circuit clarified that district courts are bound neither by U.S.S.G. section 1B1.13's enumeration of extraordinary and compelling circumstances, nor by that section's "freestanding requirement that the defendant seeking release not pose any danger to the community."  United States v. Kornegay, No. 13-CR-428 (PAE), 2020 WL 7079412, at *3 (S.D.N.Y. Dec. 3, 2020).  The Court's June 29 Memorandum Order denying Mr. Osorio-Perez's first motion for compassionate release, which relied in part on U.S.S.G. section 1B1.13, was decided before Brooker.

[4]   The sentencing factors set forth in 18 U.S.C. section 3553(a) are: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range . . . ; (5) any pertinent policy statement [issued by the Sentencing Commission in effect on the date the defendant is sentenced]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense."  18 U.S.C.A. § 3553(a) (Westlaw through P.L. 117-30).

conduct that he has displayed since his arrest, as well as the reduced recidivism that is associated with his age [44 years old at the time]," the Court sentenced him to a 72-month term of imprisonment and a five-year term of supervised release. (Sentc. Tr. at 13-20.)

In the more than three years since Mr. Osorio-Perez's sentencing hearing, there is no evidence that he has incurred any disciplinary infractions while in custody, and he has continued to pursue available educational opportunities. (Motion at 4-5.) Moreover, Mr. Osorio-Perez's last seventeen months in custody have occurred during the lockdowns and related restrictions imposed by the BOP as a result of the COVID-19 pandemic (Motion at 4, 12-14), resulting in a more severe term of imprisonment than the Court contemplated at the time of Mr. Osorio-Perez's sentencing hearing. See, e.g., United States v. Jones, No. 10-CR-905 (LTS), 2020 WL 6131252, at *3 (S.D.N.Y. Oct. 19, 2020) ("Mr. Jones' incarceration has been more severe than the Court intended . . . That severity has been compounded by restrictions put in place by the BOP in response to the pandemic."). Accord United States v. Romero, No. 15-CR-445-18 (PAE), 2021 WL 1518622, at *4 (S.D.N.Y. Apr. 16, 2021) ("A day spent in prison under extreme lockdown and in fear of contracting a deadly virus exacts a price on a prisoner beyond that imposed by an ordinary day in prison.").

Mr. Osorio-Perez's experience of custody in the year since the July 29, 2020, Memorandum Order has been particularly harsh. He contracted the virus in December 2020 and was forced to suffer its effects and seek to recover without medical attention and in filthy surroundings. Mr. Osorio-Perez reports that, on or about December 23, 2020, when the virus was discovered in his facility, he and thirty-five other inmates were moved into a unit with "garbage and old food everywhere." (Docket entry no. 573-1 ("Osorio-Perez Aff.") at 1.) He became ill after he was placed in a cell with another inmate suffering from COVID-19, and

developed "[b]ack aches, head aches, asthma, cough, sore throat, fever, extreme fatigue, [and] diarr[hea]," and he "could not breathe well," in part because his facility "took away [his] breathing machine [he] sleep[s] with" due to his sleep apnea.  (Id. at 1-2.)  He proffers that for three weeks, he was locked down 24 hours a day, without medical attention, had only one set of underwear, was permitted to shower only three times per week, and was not given clean sheets for nine days.  (Id.)  He lost 27 pounds during this time.  (Motion at 4.)  Mr. Osorio-Perez reports that he was afraid for his life, and that these were "by far the worst 3 weeks of his life."  (Osorio-Perez Aff. at 2.)  Troublingly, despite having lingering symptoms including "constant headaches, vertigo, and fatigue" (Motion at 14), Mr. Osorio-Perez states that he had still "yet to see a doctor" as of March 2, 2021.  (Osorio-Perez Aff. at 2; Motion at 3.)[5]

With these developments and the section 3553(a) factors in mind, the Court next considers whether Mr. Osorio-Perez's proffered extraordinary and compelling reasons warrant a reduction in his sentence.  18 U.S.C.A. § 3582(c)(1)(A).

Mr. Osorio-Perez proffers that his experience in custody during the pandemic (including his experience contracting COVID-19), his health conditions and risk of reinfection (possibly with a virus variant (see Reply at 1-4)), and his rehabilitative and educational progress warrant a reduction of his custodial sentence to time served—a comparatively minor reduction, given the BOP's apparent intention to release him to home confinement as soon as September 20, 2021.  The Government does not dispute Mr. Osorio-Perez's account of his experience in custody during the pandemic generally, of his experience contracting and suffering from

---

[5]  Mr. Osorio-Perez's medical records, attached to the Government's opposition and filed under seal (see docket entry no. 577), reflect that he has since received some medical care, but confirm his report of lingering symptoms.  For example, a March 18, 2021, medical note reflected that though Mr. Osorio-Perez had "recovered" from COVID-19, he continued to have fatigue which was "improving with time."

COVID-19, or of his rehabilitative efforts. Instead, the Government contends that, because Mr. Osorio-Perez is now vaccinated against COVID-19, his risk of severe disease from COVID-19 is "extremely rare," and proposes that, "as inmates are vaccinated, this unprecedented period in which the threat of the virus sometimes gives rise to 'extraordinary and compelling' circumstances should come to an end." (Opp. at 3.) However, Mr. Osorio-Perez's risk of reinfection is not his only proffered basis for a sentence reduction, and this Court is free to consider "the full slate of extraordinary and compelling reasons" brought forward by a movant. Brooker, 976 F.3d at 237. Considering all of Mr. Osorio-Perez's proffered reasons together, in light of the applicable section 3553(a) factors, the Court concludes on the specific facts of this case that Mr. Osorio-Perez has met his burden to show that those reasons warrant the requested minor reduction in his sentence.

In order to ensure a careful re-entry and promote protection of the public during Mr. Osorio-Perez's transition, the Court will impose an additional special supervised release condition of six months' home detention.

CONCLUSION

For the reasons set forth above, Mr. Osorio-Perez's renewed motion for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A) is granted. Mr. Osorio-Perez's sentence is hereby shortened to time served plus whatever time is reasonably necessary to make arrangements for him to travel to his approved residence safely, to be followed by five years of supervised release, during which he will be subject to the conditions set forth in the judgment entered in this case on June 1, 2018. (Docket entry no. 179.) In addition, during the first six months of his supervised release term, Mr. Osorio-Perez will also be subject to a special

condition of home detention.[6]  During the home detention period, Mr. Osorio-Perez may leave the approved residence only for work, medical treatment, and other activities approved by the United States Probation Office.  Home detention is to be monitored by technology at the discretion of the probation officer.

An Order on Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) will also be entered.  This Memorandum Order resolves docket entry no. 573.

SO ORDERED.

Dated: New York, New York
August 6, 2021

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[6] In light of the ongoing COVID-19 pandemic, Mr. Osorio-Perez shall, once he arrives at the approved residence, spend the initial 14 days at home in self-quarantine.